IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02243-RPM-CBS

OLIVEA MARX,
    Plaintiff,
v.

GENERAL REVENUE CORPORATION, an Ohio corporation, and,
KEVIN COBB,
    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    Ms. Marx brought this action against General Revenue Corporation ("GRC") and Mr. Cobb alleging that they violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA" or "The Act").  Ms. Marx has now moved for partial summary judgment as to liability concerning a facsimile that Defendant GRC sent to her place of employment on September 23, 2008.  Pursuant to the Order of Reference dated October 17, 2008 (Doc. # 2), and the memorandum dated June 15, 2009 (Doc. # 29), this matter was referred to the Magistrate Judge.  The court has reviewed the Motion for Partial Summary Judgment as to Liability (filed June 12, 2009) (Doc. #28), Defendant's Response (filed July 9, 2009) (doc. #31), and Plaintiff's Reply to Defendant's Response (filed July 24, 2009) (Doc. #39), the entire case file, the exhibits, and the applicable law and is sufficiently advised in the premises.

I.      Factual Background

Ms. Marx filed her original Complaint on October 15, 2008. In this Complaint, Ms. Marx alleged that for a year prior to filing her action she received abusive telephone calls and voicemail messages from the Defendants as they attempted to collect on her debt arising from an unpaid student loan. (Doc. #1 at p. 2). She also claimed that GRC falsely threatened to garnish up to fifty percent of her wages in these calls. *Id.* The statements in these telephone calls, Ms. Marx asserted, violated the FDCPA and were undertaken as part of a campaign of abusive and unlawful collection practices. *Id.*

Ms. Marx amended her Complaint on March 5, 2009. (Doc. # 22). In this Amended Complaint, she alleges that on September 23, 2008, GRC sent a facsimile to her employer, entitled "Fax to Verify Employment." (Doc. #22-2). GRC asked Ms. Marx's employer to supply the following information: its address, Ms. Marx's employment status, the date she was hired, the corporate payroll address, her position title, and whether she was a full or part-time employee. *Id.* In the upper right corner, the facsimile also referenced Ms. Marx's "account number." *Id.* This number was cited without explanation and nothing on the face of the facsimile would suggest to the reader that the communication related to a debt. Ms. Marx nevertheless claims this facsimile was an indirect communication with a third party under 15 U.S.C. §1692a(2) and a violation of 15 U.S.C. §1692c(b) (which precludes a debt collector, without the prior consent of the consumer given directly to the debt collector, from communicating "in connection with the collection of any debt, with any person other than the consumer [or] his attorney"). (Doc. #28 at p. 9).

Ms. Marx moved for partial summary judgment on June 12, 2009. (Doc. #28).

Her motion is quite limited in scope. Ms. Marx requests that the court only address the issue of liability as it relates to the September 23, 2008 facsimile sent to her employer. The pending motion does not consider liability issues related to the telephone calls Ms. Marx alleges she personally received. Moreover, Ms. Marx requests that damages be determined at a trial by jury. (Doc. #28 at pp.9 and 10).

Defendants responded to Ms. Marx's motion by claiming their facsimile does not meet the FDCPA definition of a "communication" and was authorized by the administrative wage garnishment provisions under the Higher Education Act ("HEA"), 20 U.S.C. §1095a(a) (Doc #31 at p. 4). Defendants also included within their Response affirmative requests for relief. More specifically, they have asked the court to dismiss Ms. Marx's claims as moot in light of Defendants' lapsed Offer of Judgment Pursuant to Fed.R.Civ.P. 68 and to order Defendants to tender Ms. Marx the total sum of one thousand five hundred dollars. *Id.* at p. 30. Those affirmative requests for relief have been advanced in violation of D.C.COLO.LCivR 7.1C ("[a] motion shall not be included in a response or reply to the original motion"), and will be disregarded by this court for that reason.

II.   Analysis

To meet the burden of persuasion required to support summary judgment under Fed. R. Civ. P. 56, the movant must "point to those portions of the record that demonstrate an absence of a genuine issue of material fact, given the relevant substantive law." *Thomas v. Wichita Coca-Cola Bottling Co.,* 968 F.2d 1022, 1024 (10th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). A fact is

"material" if under the substantive law it could have an effect on the outcome of the lawsuit. *Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Thus, "[t]he very purpose of a summary judgment action is to determine whether trial is necessary." *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

In this case, the parties disagree as to whether the disputed facsimile conveyed information regarding a debt directly or indirectly to Ms. Marx's employer, thereby constituting a "communication" under the FDCPA. *See* 15 U.S.C. §1692a(2). Defendant GRC denies Ms. Marx's contention that the facsimile is a "communication" as defined by FDCPA. Defendants assert that they were not attempting to collect from Ms. Marx any sums owed when they sent the facsimile to her employer, but were simply seeking to verify her employment as required by the wage garnishment procedures established under the HEA. (Doc. #31 at pp. 2-3). In support of that argument, Defendants note that the facsimile contains no information that would directly or indirectly communicate to the uninformed reader that Ms. Marx was in debt. *Id. Cf. Biggs v. Credit Collections Inc.*, 2007 WL 4034997, *4 (W.D. Okla. 2007) (denying plaintiff's motion for summary judgment where voice mail messages conveyed no "information regarding a debt;" noted that the statutory definition of "communication" "does not include messages or communications that do not impart (or are not at least intended to impart) information about a debt"). Ms. Marx claims Defendants' facsimile

4

meets the definition of a communication under 15 U.S.C. §1692a(2) because it included her account number in the upper right hand corner. (Doc. #28 at p. 3, ¶6).  Thus, she argues that the Defendants violated 15 U.S.C. §1692c(b) by communicating with a third party, namely her employer, on her account without her consent or authorization.  *Id.* at pp. 9-10.  *See Ramirez v. Apex Fin. Mgmt.*, 567 F. Supp. 2d 1035, 1041-42 (N.D. Ill. 2008) (declining to follow "the narrow interpretation of 'communication' that *Biggs* put forth) and cases cited therein.  *See also Johnson v. Riddle,* 305 F. 3d 1107, 1117 (10th Cir. 2002) (recognizing that the FDCPA should be construed liberally in favor of the consumer).

At this juncture, the court must consider the evidence in a light most favorable to the non-moving party and draw reasonable inferences in favor of Defendants.  The court has also weighed the limited scope of the pending motion against the issues remaining for trial.  Defendants, however, should not necessarily take comfort in the court's recommendation. *See, e.g., Henderson v. Eaton*, 2001 WL 969105, * 2 (E.D. La. 2001) (noting that a debt collector's letter to a third-party requesting earnings information and whether the debtor was currently employed could imply the existence of a debt).

The Defendants maintain that the facsimile was sent to verify Ms. Marx's employment in compliance with the administrative wage garnishment provisions of the HEA. (Doc. #31 at pp. 4-7). While the Higher Education Act permits guarantors to administratively garnish wages, the Department of Education ("DOE") specifically regulates the procedure for wage garnishments.  *See* 20 U.S.C. §1082(a)(1).  In that regard, the DOE has approved a form notice for guarantors to send to debtors - not

5

employers - when initiating garnishment proceedings. *Maynard v. Premiere Credit of N. Am.*, 2007 WL 1128082, at *3 (W.D. Wash. 2007). "The DOE forms were not simply optional suggestions; they were mandatory." *Kort v. Diversified Collection Serv.,* 394 F.3d 530, 534 (7th Cir. 2005). While these forms were designed to be FDCPA Complaint, it is still possible for communications to violate the FDCPA even though they literally satisfy notice requirements under the HEA. *Lawson v. Management Adjustment Bureau,* 1997 WL 283027, at *2 (N.D. Ill. 1997). Defendants' attempt to invoke the HEA as a safe-harbor raises factual issues more appropriately resolved at trial. In view of the foregoing factual and legal issues, this court recommends that Ms. Marx's motion be denied.

The court also notes practical considerations that militate against Ms. Marx's motion. Piecemeal adjudication is not favored under the Federal Rules of Civil Procedure. *Tilcon Minerals v. Orange and Rockland Utils*. 851 F. Supp. 529, 531 (S.D.N.Y 1994) (observing that piecemeal motions are permitted to the extent they are "conducive to conservation of judicial resources and of benefit to the parties"). *See also* Fed. R. Civ. P. 1 (noting that the Federal Rules of Civil Procedure, including Rule 56, should be "construed and administered to secure the just, speedy, and inexpensive determination of every action"). "A party is not entitled to partial summary judgment if the judgment would not be dispositive of the claim." *Carbajal v. Lincoln Benefit Life Co.*, 2007 WL 2221147 at *11 (D. Colo. July 31, 2007) (quoting *Wichita v. U.S. Gypsum Co.*, 828 F. Supp. 851, 869 (D. Kan. 1993), *overruled on other grounds by* 72 F.3d 1491 (10th Cir. 1996). District courts retain the discretion to "decline a request for partial adjudication of an issue where it would not materially expedite the litigation." *Magoffe v.*

*JLG Indus.*, 2008 WL 2883152 at *4-5 (D. N.M. 2008).

This discretion was recognized in the Advisory Committee Notes for the 2007 amendments to Fed. R. Civ. P. 56(d). The amended rule reads as follows:

> **(1)** ***Establishing Facts***. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts - including items of damages or other relief - are not genuinely at issue. The facts so specified must be treated as established in the action.
>
> **(2)** ***Establishing Liability***. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

The Advisory Committee noted that the word "should" was used, rather than "shall," in Rule 56(d) to acknowledge a trial court's "open-ended discretion to decide whether it is practicable to determine what material facts are not genuinely at issue." Thus, a motion for summary judgment may be denied in the court's discretion "for the purpose of achieving a more orderly or expeditious handling of the entire litigation." *Toyoshima Corp. v. General Footwear, Inc.*, 88 F.R.D. 559, 560 (S.D.N.Y. 1980) (this discretion may be exercised "where a part of the matter which is ripe for summary judgment is intertwined with additional claims that must be decided at trial").

In this case, the court is at a loss to discern how Ms. Marx's pending motion would substantially aid in the efficient adjudication of this case, particularly in view of the parties' estimate of a four-day trial.[1] Ms. Marx has consistently alleged that Defendants'

---

[1] In their Final Pretrial Order, the parties have collectively identified nine "will" or "may call" witnesses and have stipulated to most of the proposed trial exhibits.

FDCPA violations caused her actual damages in the form of emotional distress, however, the undisputed record shows Ms. Marx was not contemporaneously aware of the disputed facsimile and only learned of that event through formal discovery.  It would appear that Ms. Marx's claim for actual damages must depend upon other alleged violations to be established at trial.  *See* 15 U.S.C. § 1692k(a) (providing that a debt collector is liable for "any actual damage sustained by [the plaintiff] *as a result of*" the debt collector's failure to comply with the FDCPA) (emphasis added).  *Cf. Wilhelm v. Credico, Inc.*, 2008 WL 5156660, *5 (D. N.J. 2008) (denying summary judgment based upon genuine issues of fact as to whether the debtor was entitled to actual damages under the FDCPA); *Thomas v. Law Firm of Simpson & Cybak*, 2006 WL 2037329, *3 (N.D. Ill. 2006) (noting that "[f]or an award of actual damages [under the FDCPA], '[t]he plaintiff must show a real loss or injury caused by the defendant'").  Granting Ms. Marx's motion for partial summary judgment would not practically save any significant trial time or substantially benefit the parties or the trial court.

Accordingly,  IT IS RECOMMENDED that the Plaintiff's Motion for Partial Summary Judgment as to Liability (filed June 6, 2009)(doc. #28) be DENIED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the

basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 2nd day of November, 2009.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge