**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-02243-RPM-CBS

OLIVEA MARX,

      Plaintiff,

v.

GENERAL REVENUE CORPORATION, an Ohio corporation,

      Defendant.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL
RESPONSES TO POST-JUDGMENT DISCOVERY (CM/ECF # 96)**

_____

COMES NOW the Plaintiff, by and through her counsel of record and in support of this Response states:

Fed.R.Civ.P. 69(a)(1) states: "**Money Judgment; Applicable Procedure.** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

Fed.R.Civ.P. 69(a)(2) states: "**Obtaining Discovery**. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located."

The Defendant's Motion must be denied as no Writ of Execution has been filed by the Defendant or entered by the Court as required by Fed.R.Civ.P. 69(a)(1) thus the Defendant's post judgment discovery is untimely and premature as no Writ of Execution has been entered by the Court.

The Defendant has not sought and no Court Order has entered in this case authorizing the Defendant to serve any post judgment discovery on the Plaintiff as required.

In accordance with Fed.R.Civ.P. 69(a)(2) the state Court rules that would apply in this action based on the amount of the Judgment of less than $5,000.00 would be the Colorado County Court Rules of Civil Procedure and the applicable Court rule is C.C.R.C.P. 369.

C.C.R.C.P. 369(d) **Order for Debtor to Answer** provides that the judgment debtor can seek a Court Order requiring the Judgment debtor to answer interrogatories concerning his property as shall be approved by the Court. The Rule also provides that when the interrogatories are approved by the Court they shall be mailed by the clerk to the judgment debtor.

The Defendant has not complied with the requirements of C.C.R.C.P. 369(d) as required and thus its Motion must be denied by the Court. The Defendant admits that it mailed the discovery requests to Plaintiff's counsel not the clerk of the Court mailing the requests approved by the Court directly to the Plaintiff as required. The Defendant's Motion is devoid of any mention of any Court Order to the Plaintiff to Answer the post judgment discovery as the

Defendant and the Court are aware – No Court Order to the Plaintiff to Answer

the Defendant's Post Judgment discovery has been issued and No Court Order

has been entered authorizing the Defendant to serve post judgment discovery on

the Plaintiff.

Contrary to Defendant's argument in its Motion - Fed.R.Civ.P.

37(d)(i)(A)(ii) is not applicable to this case as the rule requires the party to have

been properly served. As shown above the Plaintiff was not properly served with

the Post Judgment Discovery pursuant to C.C.R.C.P. 369 and the Defendant's

Post Judgment discovery was not Ordered by the Court thus the Defendant's

argument regarding sanctions must fail. The out of state Federal cases cited by

the Defendant are not applicable to this case as they do not apply the Colorado

County Court Rules of Civil Procedure which are at issue in this case.

## CONCLUSION

The Defendant's Post Judgment discovery is untimely in that no Writ of

Execution has been entered by the Court as required prior to post Judgment

discovery being served by the Defendant and the Defendant's post Judgment

discovery was not served pursuant to an Order of this Court authorizing post

Judgment discovery and the Defendant did not follow the requirements of

C.C.R.C.P. 369 to properly serve the post Judgment discovery on the Plaintiff

thus its Motion including its request for sanctions must be denied by the Court.

Dated: May 28, 2013.


Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2013, I electronically filed the foregoing Plaintiff's Response to the Defendant's Motion to Compel Responses to Post-Judgment Discovery (CM/ECF # 96) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

swienczkowski@alp-pc.com

___s/ David M. Larson_____